FILED
2019 Jan-31  PM 04:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## ~~BIRMINGHAM~~ DIVISION
## Southern

|  |  |  |
|---|---|---|
| SHEREEN JOHNSON,<br>Plaintiff, | ) ) ) | |
| v. | ) ) | |
| Robert Wilkie<br>Secretary of Veterans Affairs,<br>Department of Veterans Affairs<br>Defendant. | ) ) ) ) ) | Civil Action No. |

FILED

2019 JAN 31  P 3: 58

U.S. DISTRICT COURT
N.D. OF ALABAMA

## PLAINTIFF'S VERIFIED EMERGENCY COMPLAINT FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

1.      Plaintiff is/was a federal employee employed at the Veteran's Administration Medical Facility in Birmingham, Alabama ("Defendant").

2.      Plaintiff suffered and continues to suffer from multiple medical conditions, not the least of which is work-related Post Traumatic Stress Disorder.

3.      Beginning in June of 2017, Plaintiff was ordered not to return to work by her physician. (See Attached Exhibit 1)

4.      Her employer was informed and fully aware of this order and her medical condition.(See Attached Exhibit 2)

5.      Plaintiff applied for and was awarded Social Security Disability, effective December of 2017. (See Attached Exhibit 3)

6.      Plaintiff applied for disability retirement through FERS, and with the assistance of her employer, submitted the application to OPM. (See Attached Exhibit 4)

7.      It is obvious from these exhibits that Defendants knew the Plaintiff was applying for disability retirement and her application was pending.

8.      Her employer posted her position as available for hire in October, 2017, a position which was subsequently filled. (See Attached Exhibit 5)

9.      Despite all of this, Defendant continued sending the Plaintiff letters to report to work. Each letter was responded to by counsel, informing the employer that Plaintiff was unable to report to work due to medical reasons, and that she was in the process of applying for disability retirement. (See Attached Exhibits 6-1 and 6-2)

10.     OPM denied her initial disability retirement; however, she timely filed for reconsideration of that denial, a filing which is currently pending with OPM. (See Attached Exhibit 7)

11.     Plaintiff discussed her retirement situation with OPM, who suggested that she also apply for regular retirement, which she did. (See Attached Exhibit 8)

12.     Her employer was made aware of this through a written response and testimony at the hearing on her proposed termination. (See Attached Exhibits 9 -1 and 9 - 2)

13.     OPM indicated that they would complete her disability retirement application process and stated that in the event her disability retirement was denied, they would immediately and automatically process her regular retirement, to which she is absolutely entitled.

14.     In complete disregard of her rights, Defendant initiated a proposed removal of Plaintiff's status from federal employment, citing AWOL/excessive absenteeism as justification for their actions. (See Attached Exhibit 10)

15.     Despite having been made completely aware of Plaintiff's rights to retirement, the

2

Acting Director of BVAMC made a decision to terminate her employment, effective February 1, 2019. (See Attached Exhibit 11)

16.     Neither the BVAMC nor OPM will do anything to preserve and protect the benefits to which Plaintiff would be entitled upon retirement, including both her health insurance and life insurance.

17.     As of yesterday (1/30/2019) Plaintiff was advised to apply for COBRA, which will adversely affect her financial condition and ultimately cause her to be without medical insurance once the program expires.

18.     Given all of the reasons above, Plaintiff will suffer immediate and irreparable damage if the decision to terminate her employment is not stayed.

19.     She has no adequate remedy at law.

20.     There is a substantial likelihood the Plaintiff will prevail on the merits.

21.     A Temporary Restraining Order is necessary to preserve the status quo, to prevent irreparable injury to the Plaintiff, to allow the court to render effective relief to her and/or to give OPM the time to complete the processing of her retirement, be it disability retirement or straight retirement.

22.     This Court's ability to fashion effective relief would be significantly impaired if the Plaintiff's termination becomes effective and eliminates her right and entitlement to her benefits in retirement, including, but not limited to, health insurance.

23.     Any harm to the Defendant from the granting of this relief would be outweighed by the actual benefit to the Plaintiff.

24.     This Court has authority under Rule 65 of the Federal Rules of Civil Procedure.

3

25.    This Emergency Motion is supported by the supporting exhibits and affidavit.

WHEREFORE, the Plaintiff prays that the Defendant and all persons acting on its behalf be enjoined from terminating the Plaintiff from her employment, pending the final disposition of Plaintiff's retirement and/or disability retirement, as well as securing the health insurance benefits to which she is entitled.

_____
SHERENE JOHNSON

**STATE OF ALABAMA**       )
**COUNTY OF JEFFERSON**    )

I, the undersigned authority, in and for said County and State, do hereby certify that _____, who is known to me, set forth her hand and seal to this document, and attests to this authority that the foregoing is true and correct to the best of her knowledge.

Given under my hand this the 31st day of January 2019.

_____          My Commission Expires: _____
NOTARY PUBLIC

Respectfully submitted,

/s/Donald H. Brockway, Jr.
Donald H. Brockway, Jr. (BRO012)

OF COUNSEL
Donald H. Brockway, Jr.
1929 3rd Avenue North
650 Farley Building

4

Birmingham, AL 35203
PHONE: (205) 323-1929
don_law@bellsouth.net
dhbjrcourt@bellsouth.net

/s/Donald H. Brockway, Jr.
Of Counsel

## SERVE DEFENDANT AS FOLLOWS:

Robert Wilkie
Department of Veterans Affairs
Office of General Counsel (022D)
810 Vermont Avenue, NW
Washington, DC 20420

/s/Donald H. Brockway, Jr.
Donald H. Brockway, Jr. (BRO012)

5